## STATE v. S. JENNETT.

### *Larceny—Presumptions—Recent Possession.*

1. Where the defendant is apprehended *immediately* after the larceny, with the stolen goods in his possession, it _is a *violent* presumption of his having stolen them, and the court should instruct the jury that, *in law*, he is guilty.

2. Where he is found in possession some time after the larceny, and refuses to account therefor, it is a *probable* presumption, and a question of fact for the jury.

3. But where he is not found in possession recently after the loss (here eighteen months), it is a *light or rash* presumption, and not sufficient to warrant conviction, unless the attending circumstances tend to implicate the defendant in the larceny, as where he makes false statements in respect to his possession.

(*State* v. *Rights*, 82 N. C., 675, cited and approved).

INDICTMENT for a larceny tried at Fall Term, 1882, of WASHINGTON Superior Court, before *Gilliam, J.*

*Attorney-General*, for the State.

No counsel for the defendant.

ASHE, J.    The "case on appeal" is so imperfect, that, in order to arrive at the facts, we are under the necessity of relying on conjecture, rather than upon His Honor's statement.    Supposing that it was a case of clerical misprision, a *certiorari* was sent down for a more perfect record, but the same statement is returned to us.

The statement shows that on the 31st of January, 1881, the prosecutor, Davenport, "had a black dress-coat stolen from him in Plymouth, and that on the —— day of August, 1882." "That it was made by a merchant-tailor to order; that the defendant lived in the town and was often in Davenport's store."

The state having rested its case upon proof of these facts, the defendant asked the court to withdraw from the jury the evidence of possession by defendant of the property alleged to have been stolen, and to instruct them that there was no evidence connecting him with the larceny.    The court declined to give the instruction, and the defendant excepted.    There was a verdict of guilty, and the defendant appealed from the judgment pronounced.

The "case" does not state that the coat was found in the possession of the defendant, but we must infer that it was so found, from the fact that the defendant asked His Honor to withdraw the evidence of possession from the jury; otherwise the record would show that he had been convicted upon no other evidence than that the coat was stolen, and was made to order by a merchant-tailor, and the defendant was often in the store of the prosecutor.    But assuming, as we must, that the coat was found in the possession of the defendant, we must infer from the defective statement that it was found in his possession in August, 1882.

Taking the case then to be, that the coat was the property of the prosecutor; that it was stolen from him in January, 1881; that it was found in the possession of the defendant in August, 1882; and that he lived in the town of Plymouth, and was often in the store of the prosecutor; does such a state of facts warrant the conviction of the defendant?    We think it does not.

STATE *v.* JENNETT.

The state relies upon the fact of the stolen property being found in the defendant's possession, as raising a presumption that he is the thief. " Presumptions," says Mr. ARCHBOLD, "are of three kinds: violent presumptions, where the facts and circumstances proved *necessarily* attend the fact proved; probable presumptions, where the facts and circumstances proved *usually* attend the fact proved; and light or rash presumptions, which, however, have no weight or validity at all." He thus illustrates the distinction: " Upon an indictment for stealing in a dwelling-house, if the defendant were apprehended a few yards from the outer door, with the stolen goods in his possession, it must be a violent presumption of his having stolen them. But if they were found in his lodgings some time after the larceny, and he refused to account for his possession of them, this, together with proof of their having been stolen, would amount, not to a violent, but to a probable presumption merely. But if the property was not found recently after the loss, as, for instance, not until sixteen months after, it would be but a light or rash presumption, and entitled to no weight"; and for this latter position he cites the case of *Rex.* v. ————, 2 C. &. P., 459, where it was held that the possession of stolen goods, sixteen months after the loss, was not of itself sufficient to warrant a conviction of the defendant. See also, *State* v. *Rights*, 82 N. C., 675.

Where the presumption is violent, the court should instruct the jury that, *in law*, the defendant is guilty.

Where it is only a probable presumption, it is a question of fact for the jury.

But where it is a light or rash presumption, the court should instruct the jury that the evidence is insufficient to warrant the conviction of the defendant; but this must be taken with the qualification, that there are no attending circumstances which, in connection with the possession of the stolen property, tend to implicate the defendant in the larceny, as for instance, where he gives false statements as to the means by which he acquired the possession.

We are of the opinion, under the facts of this case as we sup-
pose them to be, that it was the duty of His Honor to have
instructed the jury that the evidence was not sufficient to war-
rant them in the conviction of the defendant.    There is error.
Error.                                    *Venire de novo.*