## STATE v. DAVID RECORD, SR.

(Filed 11 November, 1909.)

1. Criminal Actions — Husband and Wife — Wife's Declarations — Evidence.

　　While the wife is not a competent witness against the husband in the trial of a criminal action, her declarations made in his presence under circumstances naturally calling for his reply if untrue, concerning which he remained silent, are competent when tending to show his guilt of the offense charged.

2. Criminal Actions—Larceny and Receiving—Evidence—Questions for Jury.

　　Evidence is sufficient to go to the jury upon the trial for larceny and receiving, which tends to show that the articles were found in the defendant's home two weeks after the theft; that tracks led from the place of the theft to defendant's home, he denied the theft, said that he knew that the articles afterwards identified were not there, appeared excited, and remained silent when his wife claimed them for his own and in his hearing. Evidence that the goods were found in defendant's home two weeks after the commission of the theft is of itself sufficient.

3. Appeal and Error—Instructions—Presumptions.

　　On appeal the presumption is that a charge given by the lower court to the jury was a correct one, in the absence of anything appearing to the contrary.

APPEAL by defendant from *Long, J.,* July Term, 1909, of RANDOLPH.

The facts are stated in the opinion.

*Attorney-General* for the State.
*W. P. Bynum, Jr.,* and *Morehead & Sapp* for defendant.

CLARK, C. J. Indictment for larceny and receiving. There was a general verdict of guilty. The defendant's house was searched, and some of the stolen clothing were found hanging on the wall in the defendant's bed-room. His wife said they were her husband's clothes. The witness said that "the defendant was twenty feet outside door, in hearing distance." The defendant's exceptions cannot be sustained. Although the wife is not a competent witness against the husband in the trial of a criminal action, her declarations, made in his presence, are competent.

In *People v. McRea,* 32 Cal., 100, the Court says: "Admissions and confessions may be implied from the acquiescence of the party in the statements of others, made in his presence, when the circumstances are such as afford an opportunity to act or speak, and would naturally call for some action or reply from men similarly situated. And it makes no difference that the statements which call for reply are made by a party who is incompetent to testify." The Court cites *Rex v. Barlett,* 7 Car. and Pay., 832, and *Rex v. Smithers,* 6 Car. and Pay., 332, where the declarations of the wife, made in the presence of the husband, were held to be competent against him.

In *Richardson v. State,* 82 Wis., 172, it is said: "After the stabbing, from which deceased died, defendant's wife said to persons that defendant was guilty of the crime. Defendant was present, and had the same opportunity of hearing the statements as had the other persons, and did not deny them. *Held,* that such statements were admissions of guilt, by acquiescence, and, as such, might be testified to by the persons present, though the wife was incompetent to testify in the case."

"It makes no difference that the statements which call for a reply are made by a party who is not competent to testify, because such statements are admitted, not as of themselves evidence of the truth of the facts stated, but simply to show what it is that calls for a reply, and the conduct of the defendant himself, under the circumstances, as indicating an acquiescence in or refutation of the truth of the statement." Abbott Criminal Trial Brief, sec. 284, p. 561.

In *State v. Bowman,* 80 N. C., 432, it is held: "Where declarations were offered as evidence on a trial for murder, as having

been made in prisoner's presence, and not contradicted by him, it was held to be properly left to the jury to determine whether they were made in his hearing, whether he understood them, what was his conduct on the occasion, and to say what value should be attached to these circumstances as tending to prove the prisoner's guilt." See, also, *State v. Burton,* 94 N. C., 947.

The other exception, for the refusal to charge that there was no evidence to go to the jury, is also without merit. The stolen goods were found in the defendant's possession two weeks after the theft. The possession of stolen goods of itself is evidence. Here the tracks lead to the defendant's house. He said he knew that the stolen goods were not there, but, on a search, the defendant became greatly excited, and a part of the stolen goods were found in his bed-room, and his wife said, in his hearing, that the clothes were her husband's, and he did not deny it.

1 Wigmore Ev., sec. 153, lays down the general doctrine: "Wherever goods have been taken as a part of the criminal act, the fact of the subsequent possession is some indication of the whole crime."

In *State v. Rights,* 82 N. C., 675, this Court says: "The finding of stolen goods in the possession of the defendant a week or two after the theft raises a presumption of fact, not of law, against him, and is but a circumstance for the jury to consider, the rule being that the evidence is stronger or weaker, as the possession is more or less recent."

Again, this Court says: "A prisoner found in possession of stolen goods so soon after the theft that he could not reasonably have gotten the possession, unless he had stolen them himself, is presumed in law to be the thief." *State v. Graves,* 72 N. C., 482.

"Possession of stolen goods immediately after the theft raises a violent presumption. But possession of stolen goods some time after the larceny raises a probable presumption of guilt, and the question must be submitted to the jury." *State v. Jennett,* 88 N. C., 665; *State v. McRea,* 120 N. C., 608; *State v. Hullen,* 133 N. C., 656.

It is to be presumed that the court carefully instructed the jury as to the value of this sort of testimony. Indeed, the record says: "The court then instructed the jury, recapitulated the testimony and fully presented the contentions of both sides as to the facts; and there were no other exceptions than the two above set out."

No error.