Sam Thomas, Petitioner,

*v.*

State of Tennessee, Respondent.

463 S.W.2d 687.

(*Nashville,* December Term, 1970.)

Opinion filed February 1, 1971.

Sam R. Raulston, Raulston & Swafford, Jasper, for petitioner.

David M. Pack, Attorney General and Reporter, and Everett H. Falk, Assistant Attorney General, Nashville, for respondent.

Mr. Justice Humphreys delivered the opinion of the Court.

Petitioner, Sam Thomas, who had no previous felony record was indicted for breaking and entering and burglary of a wheelbarrow valued at $20.00. He was convicted of petit larceny and sentenced to one year in the penitentiary. The Court of Appeals affirmed, and we granted certiorari to consider whether under the circumstances the charge with respect to the presumption of guilt from bare possession of the stolen article was adequate to give petitioner a fair trial.

In brief, the facts are that in August, 1968, someone entered an outbuilding on the land of one Violet Wakefield and stole a wheelbarrow valued at $20.00. In September, nearly a month later, Sam Thomas sold the wheelbarrow to a third party.

At the trial Thomas introduced, possibly, the only witnesses he could, himself, his mother and his brother, who testified to circumstances which would explain his possession of the wheelbarrow.

There was no evidence whatsoever of any facts or circumstances connecting Thomas with the crime other than his possession of the wheelbarrow twenty-odd days after the crime.

The judge gave the regular charge concerning the presumption arising from possession of recently stolen articles. The court's exact charge on this point is in this language:

"Now in the event [it] is shown beyond a reasonable doubt that the property in question—the evidence show beyond a reasonable doubt, that the property in question had been recently stolen, and soon thereafter the same property or any part of it was found in the exclusive possession of the accused, the law presumes his guilt, and upon such possession the jury would be warranted in convicting the possessor, *unless the attending fact or other elements so far overcome the presumption thus raised as to create a reasonable doubt in the mind of the jury as to the guilt of the defendant.*" (Emphasis added)

Under the rule as stated, the presumption arising from bare possession displaces the presumption of innocence, and requires proof of other facts and circumstances which are sufficient to overcome the presumption of guilt.

While there is no doubt the rule as stated is in accord with our opinions in *Peek v. State,* 213 Tenn. 323, 375 S.W.2d 863; *Cook v. State,* 84 Tenn. 461, 1 S.W. 254;

*Shaw v. State,* 1 Tenn.Cas. 77, the rule in most jurisdictions is that the possession of property by the defendant soon after the commission of the alleged crime is merely an evidentiary fact tending to establish guilt which should be submitted to the jury to be considered in connection with all the other facts and circumstances disclosed by the evidence, and does not in any case raise a presumption of law that the defendant committed the alleged larceny. *Shue v. State,* 177 Ark. 605, 7 S.W.2d 315; *State v. Palkimas,* 153 Conn. 555, 219 A.2d 220; *Biggs v. State,* 201 Ind. 200, 167 N.E. 129, 64 A.L.R. 1085; *State v. White,* 76 Kan. 654, 92 P. 829; *People v. Johnson,* 215 Mich. 221, 183 N.W. 920; *Jones v. State,* 30 Miss. 653; *State v. Swarens,* 294 Mo. 139, 241 S.W. 934; *State v. Lott,* 40 N.M. 147, 56 P.2d 1029; *State v. Weinstein,* 224 N.C. 645, 31 S.E.2d 920, 156 A.L.R. 625; *State v. Record,* 151 N.C. 695, 65 S.E. 1010; *State v. Smith,* 51 N.D. 130, 199 N.W. 187; *State v. Larson,* 41 S.D. 553, 172 N.W. 114; *Boyd v. State,* 24 Tex.App. 570, 6 S.W. 853; *Castle v. Commonwealth,* 196 Va. 222, 83 S.E.2d 360; *State v. Duncan,* 7 Wash. 336, 35 P. 117, overruled on another point in *State v. Gifford,* 19 Wash. 464, 466, 53 P. 709; *State v. Etchell,* 147 W.Va. 338, 127 S.E.2d 609. *Sanders v. State,* 167 Ala. 85, 52 So. 417; *Thompson v. State,* 58 Fla. 106, 50 So. 507; *Boswell v. State,* 5 Md.App. 571, 249 A.2d 490; *Belote v. State,* 36 Miss. 96; *Cooper v. State,* 29 Tex.App. 8, 13 S.W. 1011; *Barnes v. Commonwealth,* 190 Va. 732, 58 S.E.2d 12.

50 Am.Jur.2d Larceny, sec. 160 has the following discussion of this problem:

"The law concerning the effect of evidence showing the possession by an alleged thief of the property he

is charged with having stolen is in an apparent state of confusion, due in many cases to loose and inexact methods of expression used in discussing the question. The principal difficulty lies in determining the effect of such evidence. The true rule is, without doubt, that the possession of the property by the defendant soon after the commission of the alleged crime is merely an evidentiary fact tending to establish guilt which should be submitted to the jury, to be considered in connection with all the other facts and circumstances disclosed by the evidence. According to the weight of authority, it does not in any case raise a presumption of law that the defendant committed the alleged larceny.''

While we are not prepared to depart from our own rule a sense of justice compels us in a case like this where there are no other facts or circumstances in any way connecting defendant with the crime, and the lapse of time between the larceny and its being found in the possession of defendant is somewhat extended to require the case to be retried with some explanation to the jury as to the meaning of the term ''recent''. While we recognize that the term ''recent'' is a relative term incapable of exact definition and that, except in perhaps extreme cases, no definite time can be fixed as to when as a matter of law possession is or is not recent, the test of recency is subject to explanation to a jury in such a manner as to call it particularly to the jury's attention. Looking again to 50 Am.Jur.2d Larceny, in sec. 162, we find the following:

''* * * What is 'recent' possession varies, within a limited range, with the conditions and the surrounding circumstances of each case, and is, within such range,

ordinarily to be determined by the jury upon the facts of the particular case. The test of recency is whether the interval is so short as to render it morally or reasonably certain that there could have been no intermediate change of possession. In determining this question, the particular period of time involved is an important element to be considered, but it is not the only one; the circumstances and character of the goods, their salability, and whether they are cumbersome or easily portable, are also among the factors to be considered. Ordinarily, however, the weight of such evidence will be stronger or weaker in proportion to the period intervening between the taking and the finding in the possession of the defendant, and while such evidence is a circumstance tending to incriminate the accused, even though considerable time has elapsed, it may be rendered of no weight whatever by the lapse of sufficient time as to make it not improbable that the goods may have been stolen by another and passed to the accused."

Accordingly we set aside the judgment of the trial court and remand the case for trial in order that the trial judge, with the foregoing statement in mind, may instruct the jury more fully as to the meaning of the term "recent".

DYER, CHIEF JUSTICE, and CHATTIN, CRESON and McCANLESS, JUSTICES, concur.