ELBERT PHIPPS, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.—474 S.W.2d 154.

April 28, 1971.

On Rehearing June 3, 1971.

Certiorari Denied by Supreme Court October 4, 1971.

Certiorari Denied on Denial of Rehearing December 6, 1971.

512

514

T. Arthur Jenkins, David W. Shields, Jr., Manchester, for plaintiff in error.

David M. Pack, Attorney General, Everett H. Falk, Assistant Attorney General, Nashville, Charles S. Ramsey, Jr., District Attorney General, Gerald L. Ewell, Assistant District Attorney General, Manchester, for defendant in error.

DWYER, J. Elbert Phipps appeals from the judgment of the Circuit Court of Coffee County confining him to the State Penitentiary for not more than five years after a jury found him guilty of committing grand larceny.

The defendant seeks diminution of this record for the transcript of the proceeding on preliminary motions

and motions alleging indigency, also incorporation of portions of transcripts of prior trials and the charge given to the jury in this case. He seeks to invoke the protection of T.C.A. 40-2029, et seq. The bill of exceptions has been timely filed and approved by retained counsel. The trial court denied the defendant's request for a free transcript of portions of the record of the prior trial, the preliminary speedy trial motion, and the indigency hearing. In the order denying the requests the court found that the defendant was not an indigent and that he was working and being paid a good wage. We note that defendant was out on bond and had the services of two retained counsel. Indigency is a factual situation which the trial court found adverse to counsel's contention. We see no reason to disturb, under this record, the ruling of the trial court.

The office of diminution of the record means simply to supply a material portion of the *record* omitted by the clerk. Such state of omission is not to be found in this record. As we view counsel's motion for diminution of the record it appears that to allow such would be a misuse of the office of diminution. To allow what counsel requests would be an enlargement on the bill of exceptions after the time has expired. The trial court allowed thirty days from the overruling of the motion for a new trial for the bill of exceptions to be filed. The granting of additional time is within the discretion of the trial court and will not be interfered with in the absence of an abuse of that discretion. See 4A C.J.S. Appeal & Error sec. 868, p. 799. We find no such abuse in this record. To review the proceedings had as requested it was the duty of counsel to have those matters contained in the record. The motion for diminution is denied.

The facts reflect that the business house of Campbell's Electronics in Tullahoma, Tennessee, was burglarized in the night hours of July 25, 1968. The Chief of Police of Manchester received from an informant information that the defendant was responsible for the burglary and the removal from Campbell's Electronics merchandise valued at $1,000. The informant, pursuant to directives of the investigating officers, prearranged a meeting to purchase this stolen merchandise from the culprits. The officers secreted themselves and observed the defendant and another person load from their car to the informant's car merchandise in two burlap bags, later identified as containing the stolen merchandise, into the trunk of the informant's car. The informant left the rendezvous and was met within a short time by the officers, the stolen merchandise in the bags being taken from the trunk of the car. The defendant did not testify at the trial. He produced witnesses, mother and father, to establish a defense of alibi that he was in Indiana at the time of the burglary. The trial court directed a verdict of not guilty as to the burglary count in the indictment.

The defendant contends in numerous assignments of error that the judgment imposed is contrary to the law.

He contends in several assignments that by actions of the trial judge he was denied a fair trial. We have noted in the record that there was an apparent air of hostility between counsel and the court. In a bitterly contested lawsuit such as this adversaries and the court should never lose sight that in our system of justice an accused is entitled to a fair and impartial trial. The personal feelings of the principals should never spill over that bulwark. We have reviewed the various assignments

pertaining thereto and the unfortunate remarks which were made. We cannot say they affected the results or denied the defendant a fair and impartial trial. They are accordingly overruled.

■ The defendant contends that when the rule was asked for the sheriff was allowed to stay in the courtroom and testify. It appears his testimony was cumulative to the Chief of Police's testimony and therefore if it was error it did not affect the results. The assignment is overruled.

■ The defendant contends the court erred in allowing the State to ask leading questions. The questioning and control of the testimony of witnesses is a matter within the discretion of the trial court unless we find the questions to be not only clearly leading but clearly prejudicial. The action of the trial court will not be interfered with. See Hale v. State, 198 Tenn. 461, 476, 281 S.W.2d 51. The question pertaining to the stolen articles contained in the indictment was clearly leading. On cross-examination the reference to the stolen articles elicited by the leading questions was delved into with the same results had. We find no prejudice here. The assignment is accordingly overruled.

■ The defendant next contends that the bill of exceptions contains omissions; therefore, there has been a denial of a complete and accurate report of the proceedings. We view this assignment in the light that the bill of exceptions as filed appears to have omissions, as alleged. The defendant has not shown where or how because of the omissions he has been prejudiced. See Hunter v.

State, 222 Tenn. 672, 440 S.W.2d 1, 10. The assignment is accordingly overruled.

■ The defendant contends the court erred in not directing a verdict of not guilty. There was proof developed that the bags transferred to the informant's car contained the stolen merchandise. In other words, the court was aware of these facts and circumstances and the inference pertaining thereto when denying the motion for a directed verdict. See Ridley v. Spence, 61 Tenn.App. 571, 456 S.W.2d 846. The assignment is accordingly overruled.

■ The defendant next contends that it was error for the court not to sustain the defendant's motion of double jeopardy made at the close of the State's proof. The defendant bottoms this contention on the fact that this offense had been developed in a prior trial for another offense under the theory of system, scheme or device. There is no merit in this contention. Defendant was on trial and in jeopardy for the burglary of a business house in Tullahoma occurring on July 17, 1968, and not in jeopardy for this offense. The assignment is accordingly overruled.

■ The defendant has made several contentions regarding the burglary offense. In view of the action the trial court made in directing a verdict of not guilty on the burglary charge, these assignments are moot.

■ The defendant contends the court erred in not allowing the father to testify as to alleged retardation of the defendant. This assignment has not been briefed. He relied upon alibi as his defense to the charge of bur-

glary. We do not think that the mental capability of the defendant was called into play by this defense. We further note that no explanation was offered as to his possession of the stolen property. We feel it was not error for the court to exclude the testimony. The assignment is accordingly overruled.

The defendant next contends in several assignments that the charge was a patchwork and conglomeration of disproportionate charges which confused the jury and that the numeral "5" was in the blank as to punishment and that it conveyed incorrectly the law on recently stolen property by putting the burden on the defendant to testify.

 ██ Nevertheless, we have examined the charge which defendant attached to his motion to diminute. We find it is in script and typewritten. As we view it, it did not mislead or confuse the jury. See Tomlin v. State, 207 Tenn. 281, 339 S.W.2d 10. There is no proof that the numeral "5" was in the written charge taken to the jury room by the jury. The court correctly charged the law on recent stolen property and the inference that may arise from such possession. See Wharton's Criminal Law and Procedure, Vol. 2, Sec. 411, p. 32. The recent possession of stolen goods gives rise to a *fact* (inference) upon which a jury may infer guilt. This does not cast any burden on the defendant. See 13 Am.Jur.2d, Sec. 54, pp. 355-356. All assignments pertaining to the charge as related have been evaluated and found to be without merit. They are accordingly overruled. We note defendant was seen to be in possession of the stolen goods a few days after the offense.

■ The defendant next contends that a co-defendant in this case received less time than defendant and did not serve the full time that he received on his guilty plea. We find no merit in this contention. There is no showing how, why or where this defendant was prejudiced because of the punishment or lack of it that a co-defendant received. The assignment is overruled.

The defendant contends no elements necessary to constitute larceny have been proven in this record. The contention is overruled. See Wharton's Criminal Law and Procedure, *supra*.

■ The defendant next contends the court erred in not charging the punishment for the offense of petit larceny. Evidently, the court did inadvertently fail to charge on the offense of petit larceny. It was not error not to charge the complete law thereto. There was no proof that the offense was anything less than grand larceny. See Patterson v. State, 218 Tenn. 80, 400 S.W.2d 743. The assignment is overruled.

■ He next contends that the defendant was denied his constitutional right to confront the witnesses against him by the refusal of the State to produce the name, identity or person of the informer. A reading of Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 628, 1 L.Ed.2d 639, reveals that there is no fixed rule as to when the trial court may order disclosure. The particular facts and circumstances in each case call for the trial court to weigh the rights of the accused against the rights of the informer and public policy, which will not inhibit the flow of information to law enforcement agencies. We do not think the court abused its discretion under the

facts and circumstances in this record by not requiring revelation of the informer. In this record the Chief of Police was allowed, over timely objection, testimony that he had received information through his informer that the stolen merchandise could be bought from Phipps. This was a direct accusation bearing on the crucial question in this record of whether Phipps was in possession of the stolen merchandise which was the circumstance upon which a jury could infer guilt.

We feel the allowance of this testimony was error; however, Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, teaches that even Federal constitutional error does not require reversal if the reviewing court is "able to declare a belief that it was harmless beyond a reasonable doubt." In view of the Chief of Police and Sheriff being eyewitnesses to the transaction where the stolen merchandise was delivered to the informer by the defendant, we are satisfied beyond a reasonable doubt that the testimony of the Chief of Police about the informer was harmless. We so hold. The assignment is accordingly overruled.

There is another contention of defendant, that he was denied a speedy trial. The bill of exceptions approved by counsel fails to contain the proceedings surrounding the motion. In the absence thereof we find no merit to this contention and the assignment is accordingly overruled.

All assignments evaluated the judgment of the trial court is affirmed.

Mitchell and O'Brien, JJ., concur.

## ON PETITION TO REHEAR

Dwyer, J.

There has been a petition to rehear filed in this cause.

 The petitioner is much aggrieved with our treatment of his assignment of error pertaining to the charge as given by the trial court; that is, the law if personal property is shown recently to have been stolen and if found in the possession of one, when unexplained, raises a legal presumption of guilt on the part of the person in whose possession the goods are found; and if it be in the power of the accused to explain the possession and he fails to do so, the fact would intensify and make the evidence tending to establish guilty possession stronger.

He cites Thomas v. State, 225 Tenn. 71, 463 S.W.2d 687, 688, and urges reversal as this opinion clearly makes such a charge an incorrect statement of the law. With this contention of petitioner we do not agree. In Thomas v. State, *supra,* the charge under attack in that case was, in substance, the same as given in the instant case. At page 689 the following may be found:

> "*While we are not prepared to depart from our own rule* a sense of justice compels us in a case like this where there are no other facts or circumstances in any way connecting defendant with the crime, and lapse of time between the larceny and its being found in the possession of defendant is somewhat extended to require the case to be *retried with some explanation to the jury as to the meaning of the term 'recent'.*" (emphasis added)

In the instant case, as related in the opinion, within a few days defendant was seen in possession of the stolen articles.

We see no reason to change our treatment of this assignment.

The rest of this somewhat lengthy petition to rehear is reargument of facts and matters treated in our original opinion. We find nothing new in this rehash of these matters which would cause us to reconsider our opinion.

The petition to rehear is denied.

Mitchell and O'Brien, JJ., concur.