**Stephen S. KELLEY and Billy C. Ransom, Plaintiffs-in-Error,**

**v.**

**STATE of Tennessee, Defendant-in-Error.**
Court of Criminal Appeals of Tennessee.

Jan. 24, 1972.

Certiorari Denied by Supreme Court March 6, 1972.

William H. Ortwein, Chattanooga, for plaintiffs in error.

David M. Pack, Atty. Gen., Alex B. Shipley, Jr., Asst. Atty. Gen., Nashville, Donnie Poole and Gary Gerbitz, Asst. Dist. Attys. Gen., Chattanooga, for defendant in error.

## OPINION

RUSSELL, Judge.

This burglary conviction is of an off-duty Chattanooga policeman, Stephen S. Kelley and his one-time stepbrother, Billy C. Ransom. Both were found guilty of burglarizing a Chattanooga business house and given three year penitentiary sentences.

The front window of the "Nickel Bag" was broken during early morning, and two psychedlic lamps and an assortment of costume jewelry taken from the store. Unquestionably the property was found in Kelley's car in the joint possession of Kelley and Ransom. They contend that they were driving past the premises, that Kelley noticed a broken window, that Ransom subsequently got out of the car to investigate whether or not the window was broken, found the lamps and other items upon the ground outside the business, and put them in Kelley's car. Kelley claimed not to have known this until he was driving away, and testified that he felt that it might be incriminating to take the articles back. Instead, he says that they went immediately seeking a telephone to report the matter. They claim that the phone booth to which they went was in use, and that they then observed a former policeman (now a security guard) at a nearby place of business and went to inquire of him if he was still a policeman. Apparently a long conversation followed, in which the burglary was not mentioned, and Kelley and Ransom were still there when arrested by other officers. An eye-witness had reported their license number to the police.

Neither immediately told his in-court story to the police, and Kelley refused a request for a warrantless search of his car. The arrestees were taken to jail, and the car towed in and subsequently searched by warrant.

The occupant of a building near the burglary scene, who had viewed the crime and reported the license number of the car, was called to police headquarters to make a statement. When he arrived at the police station, he noticed several policemen in the alley behind the station and further observed the defendant, Ransom, and announced that he was the same person he had seen at the burglarized premises. This occurrence is the basis for one assignment of error, the theory being that an illegal show-up was thus held and Ransom's in-court identification tainted.

The meeting between the witness and Ransom was apparently purely by chance, and nothing suggesting that he was a participant in the crime prior to Ransom's so declaring appears. It further appears that the witness, Mr. Demos, identified Ransom from what he saw of him at the time of the crime, independently of any subsequent view. We find no *Wade-Gilbert-Stovall* violation. See Greer v. State, Tenn.Cr. App., 443 S.W.2d 681.

We would observe, also, that both defendants admit being at the scene; but declare their innocence of the actual breaking. Hence, it would be difficult to have prejudicial error in their identification as being at the scene.

On cross-examination, the State showed that both defendants refused to make statements after having their *Miranda* rights explained and after signing written waivers. In the context of this case, we hold that this cross-examination was

proper. Footnote 37 of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, does say that the prosecution may not use at trial the fact that an accused stood mute or acclaimed his privilege in the face of accusation. But in this most unusual case sub judice, a police officer says that he was bent upon reporting the facts of this burglary as soon as he could get in touch with certain other officers; and in such a case, when the truth apparently is that he did not report what he now claims happened as soon as he had the opportunity, he can be cross-examined about this obvious inconsistency between his testimony and the facts. In an analogous situation, our U. S. Supreme Court has held that a man may be cross-examined upon his inadmissible (because of non-Miranda compliance) confession when he takes the stand and testifies contrary thereto. Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971). The fact that these men chose not to give statements was not shown by the State in its proof in chief, and only developed after they gave their version that they were trying to report the occurrence.

The same principle is involved in two other assignments. First, the State developed on cross-examination of Kelley that he refused permission to search his car at the scene of the arrest. Secondly, the State was permitted to argue to the jury the fact that the defendants refused to make statements and Kelley refused to allow a search of his car. We hold that this, too, was legitimate, in view of defendants' theories.

■ Error is assigned upon the refusal of the trial judge to suppress the fruits of the automobile search. We need not reach the question of the validity of the search warrant, in view of the teaching of Lester v. State, 216 Tenn. 615, 393 S.W.2d 288, that the admission of possession of the property in question and giving such possession an innocent cast waives any question relative to its admissibility.

Finally, error is assigned upon the judge's charge relative to the presumption of guilt arising from the unexplained possession of recently stolen property. The charge followed the law of this State. Thomas v. State, Tenn., 463 S.W.2d 687.

We hold that the evidence of guilt is legally sufficient. It is inconceivable that an innocent police officer, only a few hours off duty from the investigation and prevention of this very type crime would have conducted himself as Kelley claims that he did. He and his companion fled the scene, totally failed to report the matter, and the contraband was hidden in his car. (Kelley's jacket was spread over the lamps, and other items were under the seat.)

All assignments of error are overruled and both convictions are affirmed.

DWYER and MITCHELL, JJ., concur.