## Commonwealth *v.* Salkey, Appellant.

Argued November 14, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Alex Salkay,* appellant, in propria persona.

*William Claney Smith,* Assistant District Attorney, with him *Samuel Strauss,* Assistant District Attorney, and *Edward C. Boyle,* District Attorney, for appellee.

OPINION BY HIRT, J., January 21, 1958:

In the latter part of 1952 a new electric generator was bought by Gunner Nelson, a carpenter, from the manufacturer, the Homelite Company. On May 14, 1953, it was housed in a locked truck, together with Nelson's other carpenter tools. After 1:30 a.m. on that date the truck was broken into and the generator, along with other tools, was stolen from it. On August 1, 1954 the defendant sold and delivered the generator to Clarence Maneer at his gasoline station in McKeesport. The consideration paid to the defendant was Maneer's check for $50 and the transfer to him of the title to an old Ford automobile worth $75. Sometime later when Maneer was informed that the "light plant" was stolen property, he notified the police, who then took possession of the generator. The defendant was arrested and on November 18, 1954, was charged with burglary, larceny and receiving stolen goods.

The generator, when it came from the factory, had been painted a "bright silver" and was mounted on springs attached to two skid runners. When bought by Maneer the springs and the runners had been removed and wooden blocks substituted; it also had been repainted a blue-gray color. A small plate bearing the manufacturer's serial number had been removed from the housing but from other concealed numbers the manufacturer identified the generator as the one sold to Nelson, from whom it had been stolen; Nelson also testified that it was his. At the close of the Commonwealth's case all that was proven was possession of the generator in the defendant on August 20, 1954, one year and three months after it had been stolen. And all of the charges of the indictment rested upon the fact of the defendant's possession of the generator. At the close of the Commonwealth's case the court sustained demurrers to the burglary and larceny counts, and the trial proceeded on the charge of receiving stolen goods; the defendant was convicted on that count alone. Sentence however was suspended on May 15, 1957, and defendant was placed on probation for a period of five years. In this appeal he contends that the court erred in refusing his motion in arrest of judgment and, alternatively, in refusing a new trial.

In the course of the trial the defendant was prejudiced in a number of respects. Officer Beggs testified that after he made the arrest the defendant did not "offer any explanation." Commenting on this testimony the trial judge in the charge to the jury said: "The exact question [put to the officer] as the Court has it here is: 'Did you arrest this defendant?' and the witness Mr. Beggs replied, 'That I did.' The next question was: 'Did he offer any explanation?' and his answer to that was: 'No, sir, he didn't.' Now, in that regard, Members of the Jury, I might say, is it the

usual, or would you say, is it the usual reaction of a person who is accused of having committed a theft to remain silent, or should he have given some explanation as to how he acquired possession of that article. You will take that into consideration along with all of the other testimony in this case and keep it in mind in arriving. at your verdict." This instruction implied that the defendant's failure to make an explanation *at the time of his arrest,* could be taken as some evidence of his guilt. This was highly prejudicial error. The rule of *Commonwealth v. Vallone,* 347 Pa. 419, 32 A. 2d 889 applies only to *accusatory* statements made to a defendant not denied by him. The principle of that case cannot be extended to render harmless the above instruction; there is no obligation on one to speak *at the time of his arrest* in explanation of his conduct in relation to the crime for which he is taken into custody.

So also the court, in commenting on the defendant's motion for his discharge on demurrer, stated to the jury that by the demurrer the defendant admits the facts as proven by the Commonwealth. In law the demurrer does not admit the truth of the Commonwealth's evidence "except for the purpose of deciding upon the demurrer." *Commonwealth v. Heller et al.,* 147 Pa. Superior Ct. 68, 24 A. 2d 460. The jury were not informed as to this important distinction. There were other, although less important trial errors which may have been prejudicial to some extent.

Unexplained possession in a defendant of goods recently stolen may be evidence of his guilty knowledge in receiving the property. Similarly, burglary and larceny may also be proven by the same inferences arising from the possession of recently stolen property. *Commonwealth v. Joyce,* 159 Pa. Superior Ct. 45, 46

A. 2d 529.[1]  In the light of this principle it is not clear why the same evidence which was insufficient as a matter of law to support the charges of burglary or larceny was considered sufficient to convict of receiving stolen goods.

This defendant clearly was entitled to a new trial, but the majority of us are of the opinion that the conviction is not supported by proofs and that he is entitled to his discharge.

The property was stolen in May 1953 and was sold by the defendant fifteen months later in August 1954. Defendant's wife who took the stand testified that she bought the generator in December 1953, seven months after the theft.  It is only from unexplained possession of *recently* stolen property that an inference of guilt arises although the circumstances may extend the period.  *Commonweath v. Dattala,* 77 Pa. Superior Ct. 320, 323.  The generator was used to supply electric energy for lighting a house trailer in which defendant and his wife lived.  But even if the defendant may be charged with joint possession of the stolen property along with his wife from the date when she bought it, yet seven months after the theft is too long a period to charge the defendant with knowledge that the generator had been stolen.  In most of the cases in our reports where a conviction has been upheld the period between the crime and the date when the defendant was first found to be in possession was so short that there could be no question as to the applicability of the

---

[1] Possession of recently stolen property has been held to be evidence of guilt of murder, *Commonwealth v. Parker et al.,* 294 Pa. 144, 150, 143 A. 904; of statutory burglary, *Commonwealth v. Lindie et al.,* 147 Pa. Superior Ct. 335, 24 A. 2d 39; *Com. v. Wojdakowski,* 161 Pa. Superior Ct. 250, 256, 53 A. 2d 851; or robbery and burglary, *Commonwealth v. Lehman,* 166 Pa. Superior Ct. 181, 70 A. 2d 404.

principle. And in all of our cases in which the issue was raised, it was uniformly held that the circumstances may lengthen the period within which the inference of guilt may be drawn from the possession of stolen property. Thus in *Commonwealth v. Berney*, 28 Pa. Superior Ct. 61, it was held: "The law does not declare just what this period is; much depends upon the character of the property and the circumstances . . ." The holding in that case in effect was that the inference to be drawn from possession of the property *two months* after its theft was for the jury. And in *Commonwealth v. Dattala*, supra, under the unusual circumstances it was said that even though possession was not shown until about five months after the theft, the court in that case could not have instructed the jury to acquit. But no Pennsylvania case has been found where an inference of guilt was held to be for the jury from possession of stolen goods under any circumstance where the period was longer than the "somewhat more than five months after the theft" in the *Dattala* case, supra.

The Commonwealth concedes that under our cases seven months is too long a period to raise an inference of guilt from possession alone; but it seeks to sustain the conviction notwithstanding the extended period of possession because of the circumstances—chiefly the altered state of the generator by the repainting, and the removal of the outside serial number. The difficulty with the Commonwealth's position in this respect is that there is not a scintilla of evidence in the record as to when these alterations were made. The "circumstances" therefore were not sufficient to put the defendant as a joint possessor on notice that the generator was stolen, at the time when his wife first came into possession of it. Clearly the Commonwealth did not meet its burden of proof by merely showing that

the above changes in the generator were present when it was sold by defendant, 15 months after the theft.

Judgment reversed and defendant discharged.