No. 46,684

STATE OF KANSAS, *Appellant,* v. JACK BAMBERGER, a/k/a JACKIE BAMBERGER, *Appellee.*

(502 P. 2d 760)

Opinion filed November 4, 1972.

B. A. *Lightfoot,* County Attorney, and *Vern Miller,* Attorney General, were on the brief for the appellant.

*Jack Dalton,* of Mangan, Dalton and Trenkle, of Dodge City, was on the brief for the appellee.

*Per Curiam:* This is an appeal by the state from a directed verdict of acquittal by the district court.

Jack Bamberger was charged by information with felonious theft of an automobile tape player and five tapes of the value of more than $50 on January 16, 1970. The trial of the case to a jury began December 14, 1971.

The evidence showed the tape player and five tapes were stolen from an automobile owned by Kim Goebel. On April 3, 1971, they were found by a patrolman in an unoccupied and locked truck parked off of the highway next to a railroad crossing five miles east of Jetmore on U. S. Highway No. 156. The tape player and tapes were partially covered by a coat in the front seat of the truck. The defendant and his brother returned to the truck and asked the patroman what he was doing there. They were told he was checking the abandoned truck and checking traffic on the highway. The sheriff, who had arrived by that time, asked for and received permission from the defendant to check the serial number on the tape player. The serial number was the same as the one stolen from the Goebel car. The defendant was asked where he got the tape player and tapes. He answered that he bought them from a friend whose identity he would not disclose because he did not "want to rat on a friend."

At the conclusion of the state's evidence the court sustained defendant's motion for acquittal. The state has appealed from this ruling.

The view of the trial court, with which this court concurs, was

that the finding of stolen goods in defendant's possession more than fourteen months after the theft was too remote in point of time to give rise to a presumption of guilt, and that standing alone it was insufficient to go to the jury.

The general rule in Kansas was well stated in the early case of *State v. Cassady*, 12 Kan. 550, where it was said:

"While the recent possession is a circumstance pointing towards guilt, and therefore always competent as evidence, yet before it can be deemed sufficient, standing by itself, to warrant a conviction, it must be so recent after the time of the larency as to render it morally certain that the possession cannot have changed hands since the larceny." (Syl. ¶ 6.)

In so far as the defendant is concerned this appeal is purely academic since the jury had been selected and sworn to try the case, the state's evidence had been submitted and the state had rested. That the defendant was thus placed in jeopardy is too well established in this jurisdiction to warrant further discussion.

The judgment is affirmed.