**Bernard CAMERON, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Nov. 22, 1976.

Certiorari Denied by Supreme Court
Jan. 24, 1977.

Joe J. Harrison, Jr., Chattanooga, for appellant.

R. A. Ashley, Jr., Atty. Gen., Robert L. Jolley, Jr., Asst. Atty. Gen., Nashville, Thomas Evans and Lawrence Young, Asst. Dist. Attys. Gen., Chattanooga, for appellee.

## OPINION

GALBREATH, Judge.

This case involves a conviction for receiving stolen property. The defendant was identified by an apparently innocent purchaser of tools, valued by their owner at over $800.00, stolen a few days before in a Chattanooga burglary, on or about July 4, 1975, as one of three men who brought the property to his Georgia home where he paid $100.00 for the goods. One of the three men, also apparently innocent, testified that he assisted the appellant and his codefendant, Bobby Pittman, in taking the recently stolen tools to Georgia after helping retrieve the goods from a vacant lot in Chattanooga. All in all the evidence amply supports the verdict of the jury finding the defendants guilty of receiving stolen property over the value of $100.00 and fixing the sentence at not more nor less than three years in the penitentiary. We, accordingly, overrule the appellant's assignments of error challenging the sufficiency of the evi-

dence. The co-defendant, Pittman, has withdrawn his appeal.

■ Another assignment of error concerns proof which was interjected at trial concerning a copy machine transported to Georgia along with the tools that was not listed in the indictment as stolen. It is here contended, inasmuch as the defendant was not accused of having guilty possession of this property, that it was prejudicial to permit testimony and argument concerning its possession. Nowhere in the record is it suggested that the copy machine was stolen. The first suggestion that such a machine existed was adduced by defense counsel on cross examination. The trial judge held that argument concerning the machine was relevant to questions concerning the credibility of the witnesses for the State. We fail to find that making the jury aware of the possession of the machine along with the property proved to have been stolen prejudiced the defendant. He received the minimum sentence fixed by law, so even if the admission of the evidence had been error, we would be constrained to point out that it did not work to the obviously guilty defendant's prejudice and thus would not be grounds for reversal. See *Landers v. State,* 157 Tenn. 648, 650, 11 S.W.2d 868 (1928).

■ It is contended that the judge's instructions were not complete because of the omission of a special request to charge the result that would have been mandated if the jury had determined that the defendant was motivated by an innocent purpose. We find that the charge as given adequately and fully covered the law on the subject. There was no need for the additional instructions requested. See *Bostick v. State,* 210 Tenn. 620, 360 S.W.2d 472 (1962).

Finally, it is contended that the trial judge erred in charging the jury as to the inference that they may draw from the proof of the *unexplained* possession of recently stolen property. Our Supreme Court has recently restated the controlling rule in this State on the permissible inference flowing from seemingly guilty possession: " . . . [W]e are of the opinion that insofar as our cases hold that unexplained possession of recently stolen goods raises a conclusive presumption of guilt, they are out of step with the weight of authority in our sister states and contrary to decisions of the United States Supreme Court. . . . It follows that it is improper to instruct a jury that a presumption of guilt arises, that if unexplained, is conclusive, or any words of similar import." *Bush and Bolton v. State,* 541 S.W.2d 391, 397 (Tenn.1976).

■ The reasonableness of an explanation offered by one found in possession of recently stolen property is primarily a question for the jury to determine from all the evidence, the fact of possession being usually but one item of proof. Mere consistency demands that in those rare instances where there is no evidence other than possession, and the explanation is believed by the jury or judge or where a reasonable doubt is created by the explanation, that the uncertainty enure to the benefit of the accused found in possession. This is the general rule to be applied in all cases involving only circumstantial evidence. See *Marie v. State,* 204 Tenn. 197, 319 S.W.2d 86 (1958).

■ In this case the trial court, in pertinent part, charged the jury as follows: "The possession of fruits of the crime recently after its commission raises a prima facie presumption of guilt which may be rebutted by direct evidence, attending circumstances, good character or otherwise. Possession of recently stolen property is circumstantial evidence from which the jury may draw an inference, and the jury may convict on this evidence alone, but it is not bound to do so. It is for the jury to determine what weight is to be given such evidence. The inference is strong or weak according to the character of the property, the nature of the possession and its proximity to the time of the theft."

This charge is proper in light of our Supreme Court's pronouncements in *Bush,* supra. In this case there was a great deal more than possession from which the jury was justified in determining guilt.

We have considered all the assignments and find none of them meritorious.

Affirmed.

RUSSELL and DAUGHTREY, JJ., concur.