STATE of Tennessee, Appellee,

v.

James Roger BERRY, Appellant.

Court of Criminal Appeals of Tennessee, at Nashville.

Feb. 2, 1980.

Permission to Appeal Denied by Supreme Court April 21, 1980.

William M. Leech, Jr., State Atty. Gen., Robert E. Kendrick, Deputy State Atty. Gen., Nashville, John J. Hestle, Dist. Atty. Gen., Clarksville, for appellee.

Thomas K. Carter, Clarksville, for appellant.

## OPINION

BYERS, Judge.

The defendant was convicted of burglary in the first (1st) degree and sentenced to serve not less than five (5) nor more than seven (7) years in the penitentiary.

The defendant for issue questions the sufficiency of the evidence to sustain the verdict.

The judgment is modified and affirmed.

Marva Ogburn rented an apartment at number 2, Short A Street, in New Providence. She had not, however, been living constantly in the apartment.

She testified she had been staying with her mother during the winter to help her

and to allow her daughter to remain in Norman Smith School rather than transferring to New Providence.

Among the furnishings she kept in the apartment were a bedroom suite, a television set, bedspreads, clothes, phonograph albums, artificial plants, and a loveseat. There were curtains on the windows; and electricity, water, heat (presumably electric) and a telephone were maintained therein. The record does not reflect what, if any, kitchen facilities were present. Ogburn testified she last stayed in the apartment on the Saturday night before Christmas of 1978.

Ogburn's sister, Jenette Brooks, and Jenette's children, who lived near Ogburn's apartment, periodically checked on the apartment.

George Brooks, the son of Jenette, went to the apartment on January 7, 1979, to turn on lights and a heater. He saw inside a T.V. set, around which this case revolves. The lock on the door was intact. On January 12, 1979, Ogburn received a call telling her the apartment had been broken into.

Ogburn went to the apartment and found the lock on the kitchen door broken and the door open. On inspection, she discovered her T.V. set, a bedspread, some pantsuits, rugs and L.P. albums were missing.

Thelma Poindexter testified the defendant came to her house in New Providence on January 8, 1979, at about 10:30 or 11:00 a. m. and asked her to hold a T.V. set as security for a ninety-five dollar ($95.00) loan; and she did so.

The police learned of this transaction and recovered the T.V. set from Poindexter. The serial number had been removed. However, Ogburn was called to the police station and identified the set as hers. She also identified the T.V. set presented in the courtroom as the one taken from her home and recovered by the police.

The defendant did not testify. Through various witnesses, he introduced evidence he had found a T.V. set in a garbage bag outside the home of his brother-in-law, with whom he was living. These witnesses said the set recovered from Poindexter was not the one the defendant found. In addition, the defendant raised an issue of alibi, saying he was at home the night the burglary is alleged to have occurred.

The defendant's attack on the evidence is three-fold. He says the evidence is insufficient to show beyond a reasonable doubt he broke and entered the apartment; the apartment was not a dwelling house; and the evidence does not show the breaking was in the nighttime.

■ The evidence showing the defendant broke into the apartment was circumstantial. A crime may be shown by circumstantial evidence. *Duchac v. State*, 505 S.W.2d 237 (Tenn.1973). This includes the crime of burglary. *Bollin v. State*, 486 S.W.2d 293, 296 (Tenn.Crim.App.1972).

■ The evidence shows the possession of the T.V. set by the defendant soon after the entry and gives rise to an inference that he was the thief, and on such inference the jury could find he was the person who burglarized the apartment and took the T.V. set. *Bush v. State*, 541 S.W.2d 391 (Tenn.1976); *Mullins v. State*, 571 S.W.2d 852 (Tenn.Crim.App.1978).

The denial of possession by the defendant was a question of fact to be accepted or rejected by the jury. They rejected this.

■ The jury also rejected his defense of alibi. In reviewing a case based upon circumstantial evidence, the same rule is applied as is applied in weighing a case based upon direct evidence. *State v. Brown*, 551 S.W.2d 329 (Tenn.1977). That is we must determine if the evidence is such that any rational trier of fact could find guilt beyond a reasonable doubt. Rule 13(e), T.R.A.P.; *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The evidence in the case supports the finding the defendant broke and entered the Ogburn apartment and took the T.V. set.

The State properly concedes the evidence is insufficient to show a breaking in the nighttime, which is required to support a conviction of burglary in the first (1st) de-

gree, and suggests the judgment be modified to a conviction of burglary in the second (2nd) degree with a reduction in punishment to three (3) years, the minimum for that offense. The defendant claims, of course, the apartment was no longer a dwelling.

We are of the opinion the apartment was a dwelling house within the meaning of T.C.A. § 39–901 and T.C.A. § 39–903. The evidence shows Ogburn maintained the accoutrements for living in the apartment and occasionally stayed there. Her explanation for not residing there constantly shows no evidence of abandonment. *Hobby v. State*, 480 S.W.2d 554 (Tenn.Crim.App.1972).

 In *Hess v. State*, 132 Ga.App. 26, 207 S.E.2d 580 (1974), the Georgia Court said:

"There is no requirement in the law that a house be continually occupied in order to be a 'dwelling.' It is sufficient that it is occasionally occupied for residential purposes . . ."

And in *State v. Lisiewski*, 20 Ohio St.2d 20, 252 N.E.2d 168 (1969), the Ohio Supreme Court said:

"We . . . believe that where the inhabitant of a dwelling house absents himself from it for a period of time, leaving therein household goods or other indicia of occupancy, intending to return to the house, he does not cease to inhabit it. Where a person establishes one, or more than one, home as a dwelling house, each retains the character of an 'inhabited dwelling house' so long as he intends each such home to be a place of habitation for himself, even though he . . . [is] absent from it for a period of time."

We believe this to be the correct rule and consistent with our statute on the subject.

The failure of the evidence to show beyond a reasonable doubt the breaking and entering occurred at nighttime does not entitle the defendant to a new trial or the dismissal of the charge against him.

Burglary in the first (1st) degree requires the breaking and entering of a dwelling house during the nighttime. The breaking and entering of such structure during the daytime is burglary in the second (2nd) degree. Burglary in the second (2nd) degree is a lesser included offense of burglary in the first (1st) degree. *Ledger v. State*, 199 Tenn. 155, 285 S.W.2d 130 (1955). T.C.A. § 39·907 provides, among other things, "any person indicted for burglary may be convicted under any of the preceding sections of this chapter." T.C.A. § 39–903, burglary in the second degree, is among those preceding statutes.

We, therefore, modify the judgment to show a conviction of burglary in the second (2nd) degree and fix the punishment at not less than nor more than three (3) years in the state penitentiary, which is the minimum prescribed for that offense.

As modified, the judgment is affirmed.

O'BRIEN and SCOTT, JJ., concur.