**STATE of Tennessee, Appellee,**

v.

**Archie ANDERSON, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

July 7, 1987.

Permission to Appeal Denied by Supreme Court Oct. 5, 1987.

Lawrence Nickell, Jr., Wartburg, for appellant.

W.J. Michael Cody, Atty. Gen., Gordon W. Smith, Asst. Atty. Gen., Nashville, Charles E. Hawk, Dist. Atty. Gen., Mike Pemberton, Asst. Dist. Atty. Gen., Kingston, D. Roger Delp, Asst. Dist. Atty. Gen., Loudon, for appellee.

## OPINION

SCOTT, Judge.

The appellant was convicted of concealing stolen property valued at under $200.00, for which he received a sentence of two years in the state penitentiary as a Range I, standard offender. After service of sixty days in the Morgan County Jail, he will be placed on probation for one year and ten months. On appeal he has presented two issues. He challenges the sufficiency of the convicting evidence and contends that the property was illegally seized by law enforcement officers.

On July 26, 1985, the Sheriff of Morgan County received information that a stolen tool box and its contents of tools could be found at the appellant's home. The sheriff went to investigate and the appellant came to the door. Through the door the sheriff could see a tool box which matched the description of the one for which he was looking. He asked the appellant if he could see it, and the appellant asked the sheriff if he had a search warrant. When the sheriff told him that he did not, the appellant told him that he could not see it. The sheriff then left an officer at the appellant's home and proceeded to get the search warrant. The sheriff returned to the appellant's home with the warrant and conducted his search. The tool box turned out not to be the box of tools for which he was looking. Near the tool box in the appellant's living room floor there were two chain saws, one of which had the serial number obliterated. A check with the National Crime Information Center revealed that the other chain saw had been reported stolen from John Wheeler in Fentress County, Tennessee. Mr. Wheeler testified that the chain saw disappeared from his front porch in late July 1984. The chain saw with the obliterated serial number was never identified as stolen. Although the appellant was charged with possession of a chain saw without a serial number, he was acquitted of that charge.

The appellant presented two witnesses. The deputy sheriff, who guarded his house while the sheriff went for the warrant, testified that nothing was brought into or taken from the appellant's home during that time. A small engine repairman examined the chain saw without the serial number for the sheriff. He testified that it had no serial number because the part on which the number should have appeared was a factory replacement part, manufactured without a number.

A jury verdict of guilty, approved by the trial judge, accredits the testimony of the state's witnesses and resolves all conflicts in favor of the theory of the state. *State v. Hatchett*, 560 S.W.2d 627, 630 (Tenn.1978) On appeal the state is entitled to the strongest legitimate view of the evidence and all reasonable and legitimate inferences which may be drawn therefrom. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn.1978).

The elements of concealing stolen property are that (1) the goods were feloniously taken or stolen from the owner; (2) the defendant knew or should have known that the goods were stolen; (3) the defendant fraudulently concealed or aided in concealing the stolen goods; (4) the defendant intended to permanently deprive the true owner of the rightful possession of his goods; and (5) the goods were of some value. T.P.I.—Crim. § 28.04.

The proof is clear that the goods were feloniously stolen from their owner by someone. Furthermore, there is no doubt that the appellant concealed the stolen chain saw. Concealing stolen property does not require an actual hiding or secreting of the property. It is sufficient to show that acts were performed which rendered its discovery more difficult and prevented identification or which assisted the thief in converting the property to his own use. *State v. Hatchett*, supra. The appellant kept the chain saw inside his home. This was an act which rendered its discovery more difficult and prevented its identification. Furthermore, it is clear that he intended to keep the saw, thus depriving the true owner of his property. What is not clear is whether the defendant knew or should have known that the chain saw was stolen.

Tennessee applies the objective test in determining whether a defendant charged with concealing stolen goods knew or had knowledge of the theft. The existence of guilty knowledge is to be regarded as established when the circumstances surrounding the receipt of the property were such as would charge a reasonable man with notice or knowledge or would put a reasonable man upon inquiry which, if pursued, would disclose that conclusion. *Kessler v. State*, 220 Tenn. 82, 414 S.W.2d 115, 117 (1967). There is no proof in the record concerning the circumstances under which the appellant received the chain saw.

■ The unexplained possession of recently stolen property gives rise to the inference, in light of the surrounding circumstances, that the person in possession knew that the property was stolen. The term "recently" is a relative term and has no fixed meaning. Whether property may be considered as "recently" stolen depends upon the nature of the property and all of the facts and circumstances shown by the evidence in the case. The longer the period of time since the theft the more doubtful becomes the inference which may reasonably be drawn from unexplained possession. *Bush v. State*, 541 S.W.2d 391, 397, n. 5 (Tenn.1976).

An excellent annotation concerning what constitutes "recently" stolen property within the rule inferring guilt from the unexplained possession of such property is found at 89 A.L.R.3d 1202. Although no Tennessee cases are cited, numerous cases are annotated from jurisdictions across the country. The cases note, as our Supreme Court did in *Bush*, that "recency" does not merely connote a specific time lapse, but depends on all the facts and circumstances of each case, 89 A.L.R.3d at 1209, citing numerous cases from the United States Courts of Appeals and state appellate courts.

■ The purpose of the recency requirement with respect to the inference of guilt is to insure that the party found in possession of the stolen property is aware of the stolen nature of the goods in his possession. Courts have recognized that the proper test of "recency" is whether the time lapse between the theft and the accused's possession of the property is sufficiently short, given the circumstances of the case, to preclude the possibility of a transfer of the stolen property from the thief to an innocent party, 89 A.L.R.3d at 1212, also citing numerous cases.

While the actual amount of time that elapsed between the theft and the discovery of the property is a prime consideration in determining whether the property was "recently" stolen, a number of courts have also pointed to the characteristics of the stolen property, such as salability and

portability, both of which affect the ease with which the property can be transferred by a thief to an innocent party. These factors have a significant impact on the reliability of any inference to be drawn from the possession of such property. Numerous cases are cited in which the courts held that the characteristics of the stolen property are relevant circumstances that must be considered in determining whether the possession is sufficiently recent to raise an inference of guilt, 89 A.L.R.3d at 1213, citing numerous cases. This is in accord with our Supreme Court's holding that "the nature of the property" may be considered in determining whether the property was "recently" stolen. *Bush v. State*, supra.

The annotation then examines the application of the rule to particular types of stolen property, including automobiles, bicycles, motorcycles, cash, rare coins, checks, money orders, clothing, shoes, electrical and electronic equipment, fabric, guns, harnesses, saddles, jewelry, watches, livestock, heavy machinery, securities, tools, tires, postage stamps, elastic, scissors, tobacco, china, antiques, a statue, a quantity of whiskey, office equipment, wastepaper, reels of copper wire, motor vehicle registration documents, a driver's license, a table, post cards, post office keys, an automobile bumper, traps, a boat hook, a quantity of tin, a feather bed, bedclothes, and "trinkets." 89 A.L.R.3d at 1216–1242. No cases involving a chain saw are specifically set forth in the annotation. "Tools" is the classification within the annotation into which a chain saw falls.

The cited cases include an engineer's transit which was found in the defendant's possession. The court noted that the exclusive possession of such an item some twenty-five days after the theft was sufficiently recent possession to warrant a conviction on the basis of the inference of guilt derived from possession of recently stolen property. The court noted that a transit would not readily pass from hand to hand, but would be an item that would be difficult to dispose of. *People v. Pride*, 16 Ill.2d 82, 156 N.E.2d 551, 557 (1959).

A lapse of one week between the date of the theft of a lawnmower and the discovery that the defendant was in possession of the lawnmower supported the inference that the defendant had stolen it. The court also observed that he had transported the lawnmower to a location where a ready sale was a high probability and that he had also transported and sold stolen furniture. *Ward v. State*, 260 Ind. 217, 294 N.E.2d 796, 798 (1973).

Two weeks intervened between the theft of electric clippers from a barber shop and their discovery in the possession of the defendant. Such possession was held to be "obviously recent" within the meaning of the rule. *State v. Russo*, 127 Me. 313, 143 A. 99, 100 (1928).

The totally unexplained possession of a stolen tool box and tools ten days after the theft supported a conviction for the theft. *State v. Morse*, 514 S.W.2d 375, 376 (Mo. App.1974).

The lapse of twenty-seven days was not too great for the doctrine to apply to a recently stolen handmade wrench which was taken from an automobile dealership. The court noted that the wrench was a special purpose tool not normally available in the community. The court noted that if the stolen item is "of a type normally and frequently traded in lawful channels," then only a brief interval of time may cause the inference of guilt to "fade away entirely," but if it is an item not normally so traded, the inference may "survive" a longer period of time. *State v. Blackmon*, 6 N.C.App. 66, 169 S.E.2d 472, 479 (1969).

In short, our research has turned up no case in which property similar to a chain saw has been held to be "recently stolen" when found in the possession of a defendant approximately one year after the theft. Indeed, in *State v. Cameron*, 223 N.C. 449, 27 S.E.2d 81, 83–84 (1943), the court reversed and dismissed the convictions of two brothers found in possession of a bicycle stolen eight months earlier. The court noted that, in the absence of any direct evidence connecting the defendants to the theft, the verdict "rest(ed) in the realm of speculation." In *State v. Bamberger*, 210

Kan. 508, 502 P.2d 760, 761 (1972), the court held that the possession of a stolen automobile tape player and five tapes more than fourteen months after the theft, standing alone, was insufficient to even go to the jury. The possession of a stolen radio fifteen months after the theft was not recent, according to the court in *Preston v. State*, 147 Tex.Crim. 79, 178 S.W.2d 522, 523 (1944). Bare possession of a quantity of cloth eleven months after its theft from a storehouse was insufficient in itself to raise the presumption (now inference) of guilt. *Davis v. State*, 50 Miss. 86, 102 (1874).

In *Jordan v. State*, 24 Md.App. 267, 330 A.2d 496, 501–502 (1975), the defendant was found in possession of four stolen guns. Two had been stolen approximately ten months before, one approximately a year before, and one approximately three years before. The court held that he possessed recently stolen property within the meaning of the inference. The court noted that the surrounding peculiar circumstances led to this conclusion but observed that such lengths of time would not be held to be within the rule in the ordinary case.

In *Gargotta v. United States*, 77 F.2d 977, 982 (8th Cir.1935), the court held that mere possession of stolen guns 293 days after their theft would not sustain the inference, where there was no other evidence to support a conviction of receiving stolen goods. In the absence of other evidence to sustain the conviction, possession of a gun stolen up to ten months before its discovery in the defendant's possession would not support a conclusion that he had knowledge it was stolen. *Robinson v. State*, 257 So.2d 300, 302 (Fla.App.1972).

On the other hand, the court found the inference applicable to a large quantity of jewelry, including a large number of new watch movements, found in the defendant's possession within a year after the theft. *United States v. Gordon*, 421 F.2d 1068, 1073 (5th Cir.1970). The court noted the nature of the articles and the inherent difficulty in disposing of stolen property of such character. However, possession of one piece of stolen jewelry 3½ to 4 months

after its theft was too remote to allow the inference to be applied. The defendant's conviction had been based solely on the possession, thus requiring reversal. *Menchaca v. State,* 58 Tex.Crim. 198, 125 S.W. 20, 21 (1910).

Eight months elapsed between the theft of blacksmithing equipment and its discovery in the defendant's possession. Considering the character of the property, and the other circumstances of the case, that was not too remote to allow the inference to be applied. *McHenry v. State,* 52 Okl.Cr. 20, 2 P.2d 597, 598 (1931). But seven months was too long between the theft of an electric generator and its discovery in the defendants' possession for the inference to be applied to them. *Commonwealth v. Salkey,* 185 Pa.Super. 148, 137 A.2d 924, 927 (1958).

In the only case we found actually involving a chain saw, it was held that possession of the saw three months after its theft was sufficiently recent for the inference to apply. The court compared the chain saw to money and noted that, unlike money, a chain saw is bulky, not readily salable, and does not readily pass from hand to hand. *People v. Nixon,* 414 Ill. 125, 111 N.E.2d 116, 118 (1953).

Although numerous cases have approved the inference for relatively long periods of time, some courts have reversed convictions when the inference was applied to relatively short periods of time. In *Van Gorder v. United States,* 21 F.2d 939, 941 (8th Cir.1927), 87 days after the theft of post office keys they were found in the defendant's possession. The possession was not so recent as to warrant a finding of knowledge that they were stolen. Two months after the theft of some tin, it was found in the defendant's possession. The inference did not apply. *Commonwealth v. Berney,* 28 Pa.Super. 61, 68 (1905). Possession of a stolen featherbed and bedclothes five months after their theft did not raise the legal "presumption" of knowledge of their stolen character, *Yates v. State,* 37 Tex. 202, 203 (1872), and possession of stolen chickens 16 to 20 days after their theft did not support an inference of guilty knowledge. *State v. Jones,* 227 N.C. 47, 40 S.E.2d 458, 459 (1946).

Tennessee cases in which the property was specified include an automobile first discovered in the defendant's possession seven days after the theft, *Peek v. State,* 213 Tenn. 323, 375 S.W.2d 863, 864–865 (1964); a horse discovered in the defendant's possession four days after being stolen, *Hughes v. State,* 27 Tenn. (8 Humph.) 75 (1847); two horses discovered in the defendant's possession three days after the theft, *Cook v. State,* 84 Tenn. (16 Lea) 461, 1 S.W. 254, 255 (1886); clothing discovered in the defendant's possession eighteen days after the theft, *State v. Veach,* 224 Tenn. 412, 456 S.W.2d 650, 651 (1970); an electric typewriter, portable radio and camera found in the defendant's possession 5 to 14½ hours after the larceny, *Tackett v. State,* 223 Tenn. 176, 443 S.W.2d 450, 451 (1969); an automobile found in the defendant's possession nineteen hours after its disappearance, *Turner v. State,* 541 S.W.2d 398, 399 (Tenn.1976); two bird dogs possessed by the defendant the same day they were stolen, *State v. Hatchett,* supra at 628; two rifles and a ring found in the defendant's possession the next day after the theft, *Mullins v. State,* 571 S.W.2d 852, 856 (Tenn.Cr.App.1978); a television set discovered in the defendant's possession the next day, *State v. Berry,* 598 S.W.2d 828, 829 (Tenn.Cr.App.1980); a watch and an air tank found in the defendant's possession three weeks later, *State v. Hamilton,* 628 S.W.2d 742, 744 (Tenn.Cr.App.1981); credit cards stolen from one victim two months before, the others stolen from another victim eight days before, *State v. Hampton,* 634 S.W.2d 635, 637 (Tenn.Cr.App.1982), and a boat and motor found in the defendant's possession within 2½ hours of the theft, *State v. Land,* 681 S.W.2d 589, 590 (Tenn.Cr.App.1984). These are but a representative sample of the types of items that have been the subject of the inference in Tennessee and the time intervals between the thefts and the discoveries in the possession of the defendants. In each of these cases there were other suspicious circumstances that pointed unerringly at the defendant's guilt. For example, in

*State v. Berry,* supra, the defendant, found in the possession of a stolen television set, introduced evidence through his witnesses that he found it in a garbage bag outside his brother-in-law's home. In *Turner v. State,* supra, our Supreme Court noted that the defendant's explanation of how he obtained possession of the automobile was "contradictory to the accumulated common experience of mankind and completely bereft of credibility," 541 S.W.2d at 402.

In *Cameron v. State,* 546 S.W.2d 261, 262 (Tenn.Cr.App.1976), the appellant was identified by the purchaser as one of three men who brought tools found to be valued at $800.00 to his home in Georgia where he paid $100.00 for them. It was discovered that they had been stolen "a few days before" in a burglary in Chattanooga. Relying on language from *Marie v. State,* 204 Tenn. 197, 319 S.W.2d 86, 89–90 (1958), regarding presumptions and inferences, this Court held:

> The reasonableness of an explanation offered by one found in possession of recently stolen property is primarily a question for the jury to determine from all the evidence, the fact of possession being usually but one item of proof. Mere consistency demands that in those rare instances where there is no evidence other than possession, and the explanation is believed by the jury or judge or where a reasonable doubt is created by the explanation, that the uncertainty enure to the benefit of the accused found in possession. 546 S.W.2d at 263.

In rural Tennessee areas such as Morgan County, chain saws are a common item of machinery found in many, many households. Many people living in rural areas (and even many urbanites) cut their own wood during the summer months in preparation for cold weather. In addition, farmers use chain saws on their farms, home owners use them to trim and cut trees and loggers earn their livelihood with chain saws.

█ This is one of those rare cases in which the *only* evidence of the appellant's guilt was his possession of the chain saw which had been stolen a year before. Any

uncertainty must enure to the benefit of the appellant. *Cameron v. State,* supra. Simply put, there was insufficient evidence from which a rational trier of fact could find the appellant guilty of concealing stolen property beyond a reasonable doubt, the essential element of knowledge of its stolen character not being proven. Rule 13(e), T.R.A.P., *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 2786–2792, 61 L.Ed.2d 560 (1979). Thus, the conviction is reversed and this cause is dismissed. *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 2154, 57 L.Ed.2d 15 (1978).

In view of our action on the first issue, it is unnecessary to consider the second issue regarding the alleged error in overruling the motion to suppress the chain saw.

The conviction is reversed and the cause is dismissed.

CORNELIUS, J., concurs.

DWYER, Judge, dissenting.

I am in respectful disagreement with my esteemed colleagues in their reversal of this conviction.

The majority has found that the essential elements for concealing stolen property were proved, except for one. That is, the State failed to show that the appellant knew or should have known that the goods in question were stolen. It appears further that the majority, with reliance on *Cameron v. State,* 546 S.W.2d 261, 262 (Tenn. Crim.App.1976) quoting from *Marie v. State,* 204 Tenn. 197, 319 S.W.2d 86 (1958), held that "any uncertainty must enure to the benefit of the appellant."

As my learned colleagues correctly note, Tennessee applies the objective test in determining whether a defendant knew or should have known the goods in question were stolen. *Kessler v. State,* 220 Tenn. 82, 414 S.W.2d 115, 117 (1967). Where, as here, there is no proof in the record concerning the circumstances under which the appellant received the chain saw, the unexplained possession of recently stolen property gives rise to the inference in light of surrounding circumstances that the person in possession knew that the property was

stolen. *Bush v. State,* 541 S.W.2d 391, 397 (Tenn.1976).

The majority found, therefore, that the case turned on the determination of whether the chain saw, which had been missing for approximately one year, was "recently" stolen. While I commend my colleagues for their exhaustive, multi-jurisdictional analysis on whether property taken one year earlier constituted "recently" stolen goods, such effort, in my opinion, while laudable is wanting. This question, in my opinion, is but an evidentiary fact for the determination of the jury.

My dissent from the majority is predicated upon three considerations. In this state, whether property may be considered as "recently" stolen depends upon the nature of the property and all of the facts and circumstances shown by the evidence in the case. *See Bush v. State, supra.* In *Thomas v. State,* 225 Tenn. 71, 463 S.W.2d 687, 689 (1971), our Supreme Court defined recency as follows:

> While we recognize that the term 'recent' is a relative term incapable of exact definition and that, except in perhaps extreme cases, no definite time can be fixed as to when as a matter of law possession is or is not recent, the test of recency is subject to explanation to a jury in such a manner as to call it particularly to the jury's attention.

In the case *sub judice,* given the nature of the property and all of the facts and circumstances shown by the evidence, the jury could determine that the chain saw was "recently" stolen. From this, the jury could infer that the appellant objectively *knew or should have known* that the property was stolen. Consequently, a rational trier of fact could and did find the essential elements of the crime charged beyond a reasonable doubt. *See State v. Williams,* 657 S.W.2d 405, 410 (Tenn.1983); Rule 13(e), Tenn.R.App.P.

Secondly, the majority substitutes its own determination as to whether the property in question is recently stolen. In so doing, a question of fact is usurped from the jury. Clearly, it is not the function of this Court to substitute its judgment for that of the jury. *State v. Hatchett,* 560 S.W.2d 627, 630 (Tenn.1978).

Thirdly, the majority relies upon *Marie v. State, supra,* as cited by the Court in *Cameron v. State, supra,* as authority for their position that "any uncertainty must enure to the benefit of the appellant." In my opinion, however, the majority has taken this ruling out of context and further has failed to distinguish these cases from the one before us.

The Court in *Cameron,* citing *Marie,* stated:

> Mere consistency demands that in these rare instances where there is no evidence other than possession and the [defendant's] explanation is believed by the jury or judge or where a reasonable doubt is created by the explanation, that the uncertainty enure to the benefit of the accused found in possession. 546 S.W.2d at 263.

In the matter before us, the majority conceded every element of the offense, except knowledge that the chain saw was stolen. Moreover, the appellant offered *no explanation* whatsoever as to how he came into possession of the stolen property. I cannot agree, therefore, with the majority's reliance upon this authority.

I must, therefore, respectfully disagree with the majority. The evidence is sufficient to support the conviction of the appellant. Accordingly, I would affirm the judgment of the trial court.