IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 16, 2020

**STATE OF TENNESSEE v. DEANDRE MONTAVIS OUTLAW**

**Appeal from the Circuit Court for Madison County**
**No. 19-742   Donald H. Allen, Judge**

_____

**No. W2020-00436-CCA-R3-CD**

_____

Following a trial, a Madison County jury found Defendant, Deandre Montavis Outlaw, guilty of theft of property valued under $1,000.[1]  The trial court sentenced Defendant to eleven months and twenty-nine days' incarceration.  On appeal, Defendant argues that the evidence was insufficient to support his conviction for theft of property valued under $1,000.  Following a thorough review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and J. ROSS DYER, JJ., joined.

Gregory D. Gookin, Jackson, Tennessee, for the appellant, Deandre Montavis Outlaw.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Jody Pickens, District Attorney General; and Brad Champine, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Background**

Madison County Sheriff's Department Deputy Jacob Nickell testified that, on February 9, 2019, he was working midnight patrol.  Around 3:00 a.m., while traveling south on Highway 70 East, Deputy Nickell observed a vehicle, operated by Defendant, enter a curve near Watson Road.  As he turned, Defendant activated his brake lights. Deputy Nickell then noticed that the passenger side brake light was not operable, so he

---

[1] Defendant was also convicted of one count of violation of the light law, Tennessee Code Annotated section 55-9-402.  Defendant does not appeal that conviction.

turned on his blue lights and initiated a traffic stop. Defendant continued driving on Highway 70 for approximately one-quarter to one-half mile before stopping. Defendant moved and shifted in his seat in such a manner that led Deputy Nickell to believe that Defendant was reaching beneath his seat, which Deputy Nickell considered to be suspicious activity. Upon approaching the vehicle, Deputy Nickell smelled the odor of burned marijuana. Deputy Nickell asked Defendant if there were any weapons in the car, which he testified was a routine question in a traffic stop. Defendant looked down and away from Deputy Nickell and did not answer. Deputy Nickell repeated his question, and Defendant responded that there were no weapons in the vehicle.

Deputy Nickell then asked Defendant to step out of his vehicle. Thereafter, Deputy Nickell conducted a search of the vehicle and found a .45 caliber 1911-style semi-automatic pistol, unsecured, leaning against the left leg of the driver's seat. A search of the pistol's serial number revealed that it had been reported stolen out of Clarksville in December 2017. Deputy Nickell then took Defendant into custody for theft of property valued under $1,000 and transported Defendant to the jail. While traveling to the jail, Defendant volunteered to Deputy Nickell that he had previously been pulled over by officers with the Jackson Police Department, who had "taken his legal gun." Defendant alleged that he had to find another gun after Jackson police officers had taken his firearm but that he did not know that the stolen firearm was in his vehicle. Finally, Defendant told Deputy Nickell that he did not have a need to obtain a stolen gun because he was able to legally purchase a gun, given that there was no prohibition against him from owning or purchasing a gun.

Defendant told Deputy Nickell that the vehicle he was driving belonged to his grandmother. Defendant said that there had been other drivers of the vehicle on the night of his arrest but admitted that he had been driving the vehicle for more than three hours in advance of his arrest.

Defendant testified that he had never been to Clarksville and that he did not know the legal owner of the stolen firearm found when he was arrested driving his grandmother's vehicle. Defendant then testified that he and a female acquaintance had been riding around in his grandmother's car on the night of his arrest but that other family members had driven the vehicle as well that evening.

Defendant denied moving around in the vehicle after he was pulled over, and he denied that the gun was in his possession. Moreover, Defendant denied having used marijuana that night but claimed that his passenger had smoked marijuana in the car. Defendant testified that, when Deputy Nickell asked him if there were any guns or weapons in the vehicle, he told Deputy Nickell, "[N]ot that I know of."

The jury convicted Defendant as charged. Following a hearing, the trial court sentenced Defendant to eleven months and twenty-nine days' incarceration for theft of

property under the value of $1,000, to serve consecutively to his sentences in Jackson City Court Case. Nos. 2019M-341, 2019M-342, 230634A, and 230941.

## II. Analysis

*Sufficiency of the evidence*

Defendant contends that the evidence presented at trial was insufficient to support his conviction for theft of property valued under $1,000. He argues that there was no evidence to suggest that the firearm was in his control or possession or that he was aware of the presence of the stolen firearm in the vehicle. Moreover, Defendant argues that he did not know the owner of the firearm; that he had never been to Clarksville, where the gun had been reported stolen; and that he was not the only driver of the vehicle on the night of his arrest. Therefore, Defendant contends that the evidence presented by the State was insufficient to support his conviction. The State responds that, when viewed in the light most favorable to the State, the evidence was sufficient to support the guilty verdict for theft of property valued under $1,000.

Our standard of review for a sufficiency of the evidence challenge is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *see also* Tenn. R. App. P. 13(e). Questions of fact, the credibility of witnesses, and weight of the evidence are resolved by the fact finder. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997). This court will not reweigh the evidence. *Id.* Our standard of review "is the same whether the conviction is based upon direct or circumstantial evidence." *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)) (internal quotation marks omitted).

A guilty verdict removes the presumption of innocence, replacing it with a presumption of guilt. *Bland*, 958 S.W.2d at 659; *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). The defendant bears the burden of proving why the evidence was insufficient to support the conviction. *Bland*, 958 S.W.2d at 659; *Tuggle*, 639 S.W.2d at 914. On appeal, the "State must be afforded the strongest legitimate view of the evidence and all reasonable inferences that may be drawn therefrom." *State v. Vasques*, 221 S.W.3d 514, 521 (Tenn. 2007).

"A person commits theft of property if, with the intent to deprive the owner of the property, the person knowingly obtains or exercises control over the property without the owner's effective consent." Tenn. Code Ann. § 39-14-103(a) (2019). A defendant's intent or mental state is rarely capable of proof by direct evidence and must usually be inferred from the circumstances surrounding the offense. *See State v. Holland,* 860 S.W.2d 53, 59 (Tenn. Crim. App. 1993). "This is particularly true in theft offenses where the prosecution

is initiated upon a theory of exercising control over stolen property." *State v. Richard Crawford,* No. W2000-003335-CCA-R3-CD, 2001 WL 278091, at \*3 (Tenn. Crim. App. Mar. 14, 2001), *no perm. app. filed.* A "jury may infer a criminal defendant's intent from the surrounding facts and circumstances." *State v. Roberts,* 943 S.W.2d 403, 410 (Tenn. Crim. App. 1996), *overruled on other grounds by State v. Ralph*, 6 S.W.3d 251 (Tenn. 1999). "[U]nexplained possession of recently stolen property may warrant an inference that the possessor had guilty knowledge of the theft." *Richard Crawford*, 2001 WL 278091 at \*3 (citing *Barnes v. United States*, 412 U.S. 837, 846-48 (1973); *State v. Anderson*, 738 S.W.2d 200, 202 (Tenn. Crim. App. 1987)). Finally, a jury is entitled to conclude that a defendant "knowingly exercised control over [] stolen property" based on a defendant's presence in and operation of a borrowed vehicle. *State v. Tommy William Davis,* No. E2002-00511-CCA-R3CD, 2003 WL 649113, at \*4 (Tenn. Crim. App. Feb. 28, 2003), *perm. app. denied* (Tenn. June 30, 2003).

When viewed in a light most favorable to the State, the evidence was sufficient for any rational trier of fact to find Defendant guilty beyond a reasonable doubt of theft of property valued under $1,000. It is undisputed that Defendant was the driver of the vehicle when Deputy Nickell effectuated the traffic stop. Deputy Nickell asked Defendant if there were weapons in the vehicle, to which Defendant responded, "No." After smelling the scent of marijuana emanating from Defendant's vehicle, Deputy Nickell performed a search of the vehicle and found the firearm on the driver's side floorboard, unsecured, and propped against the driver's seat. On the way to jail, Defendant told Deputy Nickell that he had needed a gun to replace a gun that had been previously confiscated by the police.

Defendant contends that, because the handgun was not found on Defendant's person, he did not exercise control over the handgun. However, we conclude that Defendant exercised control over the gun that was not only propped against his driver's seat where he had been sitting for more than three hours but also within his immediate reach. *Tommy William Davis,* 2003 WL 649113, at \*4 (concluding that defendant's ownership or control over a vehicle in which stolen property is secreted will support a finding of constructive possession and, hence, that the defendant "exercised control over the stolen property" within the vehicle). Defendant also argues that, because the State did not perform a fingerprint analysis and because the serial number on the gun was unobscured, the evidence was insufficient to show that the gun was stolen. However, the weight of these facts was resolved by the jury as the fact finder, and we will not reweigh the evidence. *Bland*, 958 S.W.2d at 659. Moreover, Defendant is not entitled to relief.

## III. Conclusion

For the aforementioned reasons, the judgment of the trial court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

- 4 -