2017 Ark. App. 667

**Jeffery Caldwell RUSSELL, Appellant**

**v.**

**STATE of Arkansas, Appellee**

**No. CR–17–367**

Court of Appeals of Arkansas,
DIVISION III.

Opinion Delivered December 6, 2017

David L. Dunagin, Fort Smith, for appellant.

Leslie Rutledge, Att'y Gen., by: Rachel Kemp, Ass't Att'y Gen., for appellee.

DAVID M. GLOVER, Judge

Jeffery Russell was convicted by a Sebastian County jury of possession of drug paraphernalia and sentenced to six years in prison. On appeal, he argues the evidence was insufficient to support his conviction. We affirm.

At trial, Cody Elliott, a K–9 officer with the Fort Smith Police Department, testified he and his canine, Chico, were working on January 22, 2016, when he noticed a vehicle that had a cracked windshield. After running the tag, Elliott learned the vehicle had no insurance, so he immediately turned around and pursued the vehicle. When Elliott turned around, the vehicle accelerated around the corner. Elliott momentarily lost sight of the vehicle but then observed it traveling down an alley at such a high rate of speed that the vehicle was leaving the ground and "bouncing" down the alley. When Elliot stopped the vehicle, the driver and the passenger initially would not give their correct names; however, Russell, the driver, eventually gave Elliott his name. Elliott's request for consent to search the vehicle was denied; so he had Chico conduct a free-air narcotic sniff around the circumference of the vehicle. Chico indicated the presence of a narcotic odor emanating from the vehicle.

Once Chico alerted, Elliott searched the vehicle, where he located what he believed to be a broken methamphetamine pipe between the driver's and passenger's seats. Both Russell and the passenger denied the pipe belonged to them. Elliott then placed both of them under arrest.

On cross-examination, Elliott testified he did not recall whose vehicle it was, but both Russell and the passenger told him the vehicle was not theirs. Elliott said he found the pipe in plain view between the seats.

Claire Desrochers, a forensic chemist with the Arkansas State Crime Lab, testified she tested the broken smoking device, and the tests indicated methamphetamine had been used in the pipe. The State rested after Desrochers's testimony.

Russell's counsel moved for a directed verdict, arguing that the State failed to present sufficient evidence Russell possessed the contraband or that he was in a position to exercise dominion and control over the contraband. The circuit court denied the motion. Russell rested without calling any witnesses and renewed his motion for directed verdict, which was again denied. The jury found Russell guilty and sentenced him to six years in prison. Russell filed this timely appeal.

 |₃An appeal from the denial of a motion for directed verdict is a challenge to the sufficiency of the evidence. *McCastle v. State*, 2012 Ark. App. 162, 392 S.W.3d 369. Our test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Wells v. State*, 2017 Ark. App. 174, 518 S.W.3d 106. Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Id.* Circumstantial evidence may constitute substantial evidence to support a conviction if it excludes every other reasonable hypothesis other than the guilt of the accused; that determination is a question of fact for the finder of fact. *Holland v. State*, 2017 Ark. App. 49, 510 S.W.3d 311. On appeal, the evidence is viewed in the light most favorable to the State, and only the evidence supporting the verdict is considered. *McCastle, supra.* Weighing the evidence, reconciling conflicts in testimony, and assessing credibility are all matters exclusively for the trier of fact. *Holland, supra.*

 It is not necessary for the State to prove literal physical possession of drugs to prove possession; possession may also be proved by constructive possession. *Dodson v. State*, 341 Ark. 41, 14 S.W.3d 489 (2000). Although constructive possession can be implied when the drugs are in the joint control of the accused and another, joint occupancy of a vehicle, standing alone, is not sufficient to establish possession or joint possession. *Id.* There must be some other factor linking the accused to the drugs:

> Other factors to be considered in cases involving automobiles occupied by more than one person are (1) whether the contraband is in plain view; (2) whether the contraband is found with the accused's personal effects; (3) whether it is found on |₄the same side of the car seat as the accused was sitting or in near proximity to it; (4) whether the accused is the owner of the automobile or exercises dominion or control over it; and (5) whether the accused acted suspiciously before or during the arrest.

*Id.* at 48, 14 S.W.3d at 493.

 Russell argues that *Walker v. State*, 77 Ark. App. 122, 72 S.W.3d 517 (2002), is directly on point with the facts of his case. We disagree, as *Walker* is clearly distinguishable from the present case. The appellant in *Walker*, was driving the vehicle, but the vehicle belonged to the passenger, Darlene Ables. While a clear plastic bag found on Ables's person during a

search tested positive for methamphetamine residue, a search of Walker did not reveal any contraband on his person. A canine search of the vehicle revealed a pair of work gloves under the driver's seat that contained a ball of tinfoil with methamphetamine inside of it. Appellant was convicted in a bench trial of possession of a controlled substance and possession of drug paraphernalia. Our court reversed the conviction, holding that while the glove was found on Walker's side of the vehicle and Walker was the driver, neither of those factors raised a reasonable inference that Walker had knowledge of the presence of the contraband. Although Walker was the driver, the vehicle belonged to passenger Ables; no contraband was found on Walker's person, but contraband was found on Ables's person; and Walker was cooperative and did not act suspiciously.

In the present case, although both Russell and the passenger claimed the vehicle did not belong to them, Russell was driving the vehicle and thus exercised dominion and control over it; Elliott testified the pipe was in plain view between the driver's and passenger's seats; and the pipe was in near proximity to Russell in the vehicle. Additionally, Russell acted suspiciously when he attempted to evade Elliott by quickly turning down an alleyway after Elliott began to pursue him and by initially giving Elliott a false name. All the linking factors, with the exception of the contraband being found in Russell's personal effects, were present. We hold that the State established a clear nexus between Russell and the contraband; therefore, we affirm the conviction.

Affirmed.

Gladwin and Hixson, JJ., agree.