MIKE MURPHY, Judge
On August 9, 2017, a Pulaski County jury convicted appellant Steven Miller of simultaneous possession of drugs and a firearm, possession of methamphetamine with intent to deliver, possession of drug paraphernalia, theft by receiving, and possession of firearm by certain persons. He was sentenced to 30 years in the Arkansas Department of Correction. On appeal, he argues that there was insufficient evidence to prove the theft-by-receiving charge. We affirm but remand to correct an error in the sentencing order.[1]
Facts relevant to the appeal follow. On August 15, 2016, Miller was pulled over in *347 his pickup truck for a traffic stop. Miller's wife was also in the vehicle. While searching Miller, his wife, and the cab of the pickup truck, police found drugs, drug paraphernalia, and over $2400 in cash. Upon being placed in the patrol car, Miller told officers that everything in the truck was his, and he had just ingested two grams of methamphetamine. In the bed of the truck was a third-row cloth seat belonging to another vehicle. During the search of that seat, a deputy noticed a tear in the middle-section armrest. When he looked in the torn part, he saw a black Kel-Tac .380 caliber handgun with six rounds in the magazine. Miller's wife testified that she had seen Miller place the gun there a few days before they were stopped.
Joshua Ferguson testified that the handgun belonged to him in May 2016, and that it was stolen from his secretary's car. Before the gun was stolen, Ferguson had spray painted it to cover some rust, but the paint had been sanded off since he had last seen it. Although the paint had been sanded off, the handgun's serial number remained visible. Ferguson did not know Miller and did not give him permission to have his handgun.
At trial, in a motion for directed verdict, Miller argued that there was no evidence that he knew or had good reason to know that the handgun was stolen. For his sole point on appeal, Miller argues that the trial court erred in denying this motion.
On appeal, this court treats a motion for directed verdict as a challenge to the sufficiency of the evidence. Velasco v. State , 2016 Ark. App. 454, 504 S.W.3d 650. Evidence is sufficient to support a conviction when it is substantial. Russell v. State , 2017 Ark. App. 667, 537 S.W.3d 279. Evidence is substantial when it is of sufficient force and character to compel reasonable minds to reach a conclusion beyond suspicion and conjecture. Id. Intent rarely can be proved by direct evidence and thus must usually be inferred from the circumstances. White v. State , 98 Ark. App. 366, 255 S.W.3d 881 (2007). Circumstantial evidence can be substantial if it excludes every other reasonable hypothesis consistent with innocence. Russell , 2017 Ark. App. 667, at 3, 537 S.W.3d at 281. Whether the evidence excludes every other reasonable hypothesis consistent with innocence is a determination to be made by the trier of fact. Id. Weighing of the evidence and credibility determinations likewise are made by the trier of fact. Id. On appeal, the evidence is viewed in the light most favorable to the verdict, with only that evidence supporting the verdict considered. Id.
A person commits theft by receiving when he receives, retains, or disposes of stolen property of another person, knowing it was stolen or having good reason to believe it was stolen. Ark. Code Ann. § 5-36-106(a) (Repl. 2013). Pursuant to Arkansas Code Annotated section 5-36-106(c), the unexplained possession or control by a person of recently stolen property or the acquisition by a person of property for a consideration known to be far below its reasonable value shall give rise to a presumption that the person knows or believes that the property was stolen. The presumption is not necessarily overcome even if a defendant provides a plausible explanation for possession of the recently stolen property; rather, whether the explanation is to be believed is a determination made by the trier of fact. Benton v. State , 2012 Ark. App. 71, 388 S.W.3d 488.
The Arkansas Criminal Code does not define the term "recently stolen," leaving its explication to the facts and circumstances of each case. Thomas v. State , 2011 Ark. App. 637, at 7-8, 386 S.W.3d 536, 541. In Thomas , we held that a little more than seven or eight months is too long, without more, to raise the statutory *348 presumption applicable to recently stolen property. Id . In Williams v. State , however, we held that evidence was sufficient to allow the jury to find-without resorting to speculation or conjecture-that Williams knew or had reason to believe that the gun was stolen because he was in unexplained possession of a gun that had been discovered missing four months earlier. 93 Ark. App. 353, 356, 219 S.W.3d 676, 679 (2005).
Here, we have testimony that Miller was found with a gun that had been stolen three months before his arrest. Miller argues that Williams is distinguishable because, in Williams , the appellant was attempting to conceal the gun without explanation, and here, the concealment can be explained by Miller's being a felon and wanting to hide his possession of a firearm. He also attempts to explain away the filing off the gun's spray paint to someone just not liking the paint job. He asserts that Williams does not establish a bright-line rule about what is or is not "recent."
We disagree and hold that the presumption of section 5-36-106(c)(1) applies and that evidence in the case before us is more than sufficient to establish his guilt of theft by receiving of the handgun. The evidence demonstrated that Miller possessed the handgun within two to three months of being stolen, he concealed it in an armrest in the back of the pickup truck, and attempts had been made to alter the handgun's appearance. The jury, as the trier of fact, was not required to believe Miller's alternate explanations.
Affirmed; remanded to correct error in sentencing order.
Abramson and Gladwin, JJ., agree.

We note that the portion of the amended sentencing order entered July 19, 2018, regarding the theft-by-receiving charge does not have any indication that Miller was found guilty at a jury trial and sentenced by a jury, despite having a verdict form and a record reflecting the same. Clearly, in a form full of boxes to check, one box was missed. On remand, we direct the trial court to correct this scrivener's error.