Cite as 2020 Ark. App. 175

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–19–507

| | |
|---|---|
| | **Opinion Delivered:** March 11, 2020 |
| SHIRLEY JENE CLEMENTS<br>APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION<br>[NO. 60CR-16-1889] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE LEON N. JOHNSON, JUDGE |
| | AFFIRMED |

## MIKE MURPHY, Judge

Appellant Shirley Clements was convicted by a Pulaski County jury of one count of theft by receiving for embezzling from her employer, Refrigeration and Electric Supply Company. On appeal, Clements argues that there is insufficient evidence to support her conviction, her conduct arose outside the statute of limitation for the charge of theft by receiving, and that her conduct did not constitute a continuous offense such that she should be charged for retaining possession of the total amount that was stolen. We affirm.

Clements worked for Refrigeration and Electric Supply Company as an accounts receivable clerk from 1997 until she was fired in March 2014. A 2013 audit of the company revealed significant financial discrepancies, and Clements was suspected. The evidence at trial demonstrated that she stole $402,775.50 from her employer over the course of about four years.

On appeal, Clements does not challenge the jury's conclusion that she stole the money; thus, an involved discussion of the facts is not necessary to decide the issues on appeal. In fact, her three points can effectively be discussed as one issue: did the State prove that Clements acquired possession of more than $25,000 within the three years preceding June 1, 2016, when the State filed its first felony information.

A person commits the offense of theft by receiving if he or she receives, retains, or disposes of stolen property of another person, knowing that the property was stolen, or having good reason to believe the property was stolen. Ark. Code Ann. § 5-36-106(a) (Repl. 2013). In our theft-by-receiving statute, "receiving" means "acquiring possession, control, or title or lending on the security of the property." Ark. Code Ann. § 5-36-106. The offense is a Class B felony if the value of the stolen property is $25,000 or more. Ark. Code Ann. § 5-36-106(e)(1).

A prosecution for a Class B felony shall be commenced within three years of the commission of the offense. Ark. Code Ann. § 5-1-109(b)(2) (Supp. 2019). Subdivision (e)(1) of this statute provides:

(e)(1) For the purposes of this section, an offense is committed either when:

(A) Every element occurs; or

(B) If a legislative purpose to prohibit a continuing course of conduct plainly appears, at the time the course of conduct or the defendant's complicity in the course of conduct is terminated.

In a criminal prosecution, the State must prove beyond a reasonable doubt that the statute of limitations has not expired. *See* Ark. Code Ann. § 5-1-111(a)(4) (Repl. 2013). When a

statute-of-limitations issue is reviewed on appeal, the appellate court views the evidence in the light most favorable to the State. *Talbert v. State*, 367 Ark. 262, 239 S.W.3d 504 (2006).

Evidence is sufficient to support a conviction when it is substantial. *Russell v. State*, 2017 Ark. App. 667, 537 S.W.3d 279. Evidence is substantial when it is of sufficient force and character to compel reasonable minds to reach a conclusion beyond suspicion and conjecture. *Id*. Weighing of the evidence and credibility determinations likewise are made by the trier of fact. *Miller v. State*, 2018 Ark. App. 478, at 3, 561 S.W.3d 345, 347. On appeal, the evidence is viewed in the light most favorable to the verdict, with only that evidence supporting the verdict considered. *Id*.

Clements argues that the State failed to prove that she, at any single time in the three years leading up to when the charges were filed, possessed or retained $25,000 in stolen money. Viewing the evidence in the light most favorable to the State, Clements stole small amounts of money from her employer almost every day for five years, adding up to over $400,000. Even accepting her argument that we must look only at the three years preceding the information filing date, in those three years, Clements stole over $40,000. And, while it may be true that each individual act of acquiring possession did not add up to over $25,000, Arkansas Code Annotated section 5-36-102 provides that amounts involved in theft committed pursuant to one scheme or course of conduct may be aggregated in determining the grade of the offense. Theft by receiving is a continuing offense. *State v. Reeves*, 264 Ark. 622, 626, 574 S.W.2d 647, 649 (1978).

Clements cites *Andrews v. State*, 2012 Ark. App. 597, 424 S.W.3d 349, for the proposition that multiple acts of thefts from the same person is not necessarily a scheme or

course of conduct for purposes of aggregation. *Andrews*, however, was not a case where section 102 was discussed or applied. In *Andrews*, the appellant was convicted of one count of theft and one count of first-degree criminal mischief for stealing wire from utility poles. That is to say, he was charged with and convicted of two separate crimes discovered on separate days. The witness testified about the total value lost, and this court concluded that the jury had to speculate to determine if the appellant, in fact, exercised control over property worth between $500 and $2,500 (theft) or destroyed or caused damage to property in excess of $500 (criminal mischief). Because the jury had to speculate to determine the value of the theft for which it convicted Andrews, we modified Andrews's theft conviction from a Class C felony to a Class A misdemeanor. *Id.* at 8–9, 424 S.W.3d at 354.

Here, Clements was charged with one crime: theft by receiving. Theft by receiving is a continuing offense; thus, it was not erroneous to aggregate the amount and classify the crime as a Class B felony. The State proved that the last time Clements stole money from her employer was in February 2014; accordingly, that was when her complicity in the course of conduct terminated. *See, e.g.*, *Reeves*, *supra*. February 2014 was well within the time limit for statute-of-limitations calculations for a Class B felony. For these reasons, we affirm.

Affirmed.

HARRISON and WHITEAKER, JJ., agree.

*The Lane Firm*, by: *Jonathan T. Lane*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.